IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMER HAWKINS, | § | |
| TDCJ-CID NO. 1199075, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0150 |
| | § | |
| BARCLAY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wilmer Hawkins, an inmate at the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed this civil rights action claiming that TDCJ-CID officials violated his constitutional rights. Plaintiff has filed a response to the court's Order for More Definite Statement (Docket Entry No. 13). After reviewing the file the court will dismiss this action for the reasons stated below.

## I.  Claims

On July 7, 2008, plaintiff was an inmate incarcerated at the Ellis Unit. He states that defendant Barclay was the prison official in charge of opening and closing cell doors that day; defendant Cole was the officer in charge of walking the run to ensure that cell doors could be opened and closed safely. While plaintiff was standing waiting for the doors to "roll on and in and

out," the doors suddenly opened, catching plaintiff's fingers. [1]
Plaintiff was taken to the infirmary; he received five stitches in
his finger.

Plaintiff alleges that defendants' negligence in failing to
walk the run that day and in failing to yell "stand clear" before
the doors were opened caused his injury.   Plaintiff also alleges
that he received an unjust disciplinary case for failing to stand
clear. He asserts that "[e]ven if [he] would have heard the officer
say stand clear, that is not an order and therefore [a] false
infraction was wrote to justify injury."[2]   Plaintiff seeks
compensatory damages for his injury.

## II.  Analysis

When a plaintiff seeks to proceed in forma pauperis pursuant
to 28 U.S.C. § 1915(a), the court may dismiss the pauper's case if
satisfied that it is frivolous or malicious.   28 U.S.C.
§ 1915(e)(2).  A case may be dismissed for being frivolous if the
claim has no realistic chance of ultimate success or has no arguable
basis in law and fact.  See Pugh v. Parish of St. Tammany, 875 F.2d
436, 438 (5th Cir. 1989); Booker v. Koonce, 2 F.3d 114 (5th Cir.
1993).   The determination whether an action is frivolous or
malicious may be made prior to service of process; therefore, such

---

[1]Complaint Under the Civil Rights Act, 42 U.S.C. § 1983,
Docket Entry No. 1 at p. 4.

[2]Id.

-2-

claims are dismissible <u>sua sponte</u> prior to service under 28 U.S.C. § 1915(e)(2).  <u>Ali v. Higgs</u>, 892 F.2d 438 (5th Cir. 1990).

The Eighth Amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton inflictions of pain" at the hands of prison officials.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991); <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  The Eighth Amendment's prohibition against cruel and unusual punishment includes an inmate's right to be free from conditions of confinement that impose an excessive risk to the inmate's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  In order to establish that this right has been violated the inmate must satisfy a two-part test.  The first part of the test is objective and requires the inmate to show that he is incarcerated under conditions posing a substantial risk of serious harm so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  <u>Farmer</u>, 511 U.S. at 834 (<u>quoting</u> <u>Wilson v. Seiter</u>, 501 U.S. at 298).  In other words, the prisoner must show that the risk of which he complains is one which today's society would not tolerate.  <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993).  The second prong of the test is subjective, and requires that the inmate show that the prison official "knew of and disregarded an excessive risk to inmate health or safety."  This requires a showing of more than mere negligence.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference.  <u>Farmer</u>,
511 U.S. at 834.

In this case plaintiff's factual allegations regarding the
actions of Barclay and Cole do not show that they were aware of
facts from which an inference could be drawn that plaintiff faced
a substantial risk of serious harm and that they drew such
inference.  In fact, plaintiff states in his More Definite
Statement[3] that the officials were merely negligent in the way they
handled the doors on this one occasion.  Deliberate indifference
cannot be simply inferred from a prison official's mere failure to
act reasonably, i.e., from negligence alone.  <u>Lawson v.
Dallas County</u>, 286 F.3d 257, 262-63 (2002), <u>citing</u> <u>Hare v. City of
Corinth, MS</u>, 74 F.3d 633, 649 (5th Cir. 1996).  Even if defendants
had acted unreasonably in not following the allegedly correct
procedure stated by plaintiff, their actions were, at most,
negligent or careless.  A claim of negligence is not cognizable
under § 1983.  <u>See</u> <u>Farmer</u>, 511 U.S. at 828-29.  Accordingly, this
claim is legally frivolous.

To the extent plaintiff seeks damages for an unjust
disciplinary proceeding, his complaint must also be dismissed as
frivolous.  To recover damages for an allegedly unconstitutional
conviction or imprisonment, or for other harm caused by actions
whose unlawfulness would question the validity of a conviction or

---

[3]Plaintiff's More Definite Statement, Docket Entry No. 13,
question 7 at p. 2.

sentence, a plaintiff proceeding pursuant to § 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"; Heck v. Humphrey, 512 U.S. 477 (1994).  Thus, when a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, the complaint must be dismissed unless or until the plaintiff can demon-strate that the conviction or sentence has already been invalidated. Edwards v. Balisok, 520 U.S. 641, 648 (1997).  Plaintiff stated in his More Definite Statement that his disciplinary conviction has not been reversed, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus.[4]  As such, a claim for damages is not cognizable under § 1983.  Cf. Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999).

### III.  Conclusion and Order

For the reasons stated above, plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's Motion for Jury Trial (Docket Entry No. 2) is **DENIED as moot**.

---

[4]Id. at question 8 at p. 3.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Hawkins' trust account and forward payment to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this Memorandum Opinion and Order and the court's Final Judgment to:

(1)   the TDCJ-Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; fax number 512-936-2159;

(2)   The Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; fax number 512-936-4793; and

(3)   the District Clerk for the Eastern District of Texas, 211 Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this 24th day of August, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE